STATE v. WARD

[104 N.C. App. 550 (1991)]

---

STATE OF NORTH CAROLINA v. JAMES H. WARD

No. 904SC1199

(Filed 19 November 1991)

1. **Evidence and Witnesses § 315 (NCI4th)— rape—prior offenses —no error**

There was no error in a rape prosecution from admission of the victim's testimony that defendant had told her that she would pay because another woman had "done him wrong" or from a deputy's stricken testimony that defendant had said that he had been accused of rape before. The victim's statement does not convey any information as to a previous rape and is too oblique to be prejudicial, and the deputy's testimony was properly excluded with an adequate curative instruction to the jury.

**Am Jur 2d, Rape § 71.**

STATE v. WARD

[104 N.C. App. 550 (1991)]

2. **Criminal Law § 1098 (NCI4th)— second degree rape—aggravating factor—use of deadly weapon—improper**

The trial court erred when sentencing defendant for second degree rape by finding in aggravation that defendant had used a deadly weapon where defendant had been indicted for first degree rape and the jury had clearly rejected the theory that the defendant employed a deadly weapon in commission of the crime.

**Am Jur 2d, Criminal Law § 599; Rape §§ 114, 115.**

APPEAL by defendant from judgment and sentence for one count of second degree rape entered by *Judge William C. Griffin* on 29 March 1990 in JONES County Superior Court. Heard in the Court of Appeals 17 September 1991.

*Attorney General Lacy H. Thornburg, by Associate Attorney General V. Lori Fuller, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant.*

LEWIS, Judge.

Defendant was indicted on 16 January 1990 for one count of rape and one count of kidnapping. He was tried by a jury and found not guilty of kidnapping but convicted of second degree rape and sentenced to forty years.

At trial, the State's evidence tended to show that the alleged victim went to a party with defendant on the night of 2 July 1989. She drove as they left her house at 10:00 p.m. They went to three different clubs where defendant drank alcoholic beverages, and they started home early in the morning. Defendant directed her down a deserted road where she stopped the car and they talked for about twenty minutes. The victim testified that the defendant pulled a knife from under the seat and ordered her to disrobe. The female claimed that defendant raped her and then passed out. She testified that she threw the knife into a field. She tried to start the car but could not do so. She left on foot and eventually got a ride home. Upon returning to the car with a police officer, she found defendant still asleep with his pants down. No knife was found but a knife sheath was found in the car.

[1] Defendant's first assignment of error is that the trial court erred in allowing into evidence unfairly prejudicial testimony of an alleged prior rape by the defendant, and in denying defendant's motion for a mistrial. Defendant argues that he is prejudiced by the victim's testimony that the defendant told her she would pay because another woman had "done him wrong." Defendant did not object to this testimony. Defendant argues that this reference to a previous rape charge was compounded when Deputy Lyndora Perry testified that "he told her it didn't make any difference whether she wanted to or not, he was going to have it, he said he had been accused of rape before." Defendant objected and made a motion to strike. The court sustained the objection and instructed the jury not to consider the witness' last statement. Defendant contends that despite the trial court's limiting instruction, this statement by Deputy Perry resulted in substantial and irreparable prejudice to his case.

We conclude from the record that the trial court did not err concerning either of the statements in question. The victim's statement, to which the defendant did not object, that another woman had "done (the defendant) wrong," does not convey any information as to a previous rape and as such is too oblique to be prejudicial. Deputy Perry's testimony was properly excluded by the court with an adequate curative instruction to the jury. *State v. Pruitt*, 301 N.C. 683, 688, 273 S.E.2d 264, 267-68 (1981). Defendant has failed to show an error at trial which resulted in "substantial and irreparable prejudice" such that the trial court should have declared a mistrial. N.C.G.S. § 15A-1061. *See State v. Rogers*, 52 N.C. App. 676, 685, 279 S.E.2d 881, 888 (1981). We therefore overrule this assignment of error.

[2] Defendant next assigns error to the trial court's finding as an aggravating factor for sentencing that "a deadly weapon was used in the commission of the offense." Defendant was indicted for first degree rape under N.C.G.S. § 14-27.2, which states in relevant part that:

A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

. . .

(2) With another person by force and against the will of the other person, and

STATE v. WARD

[104 N.C. App. 550 (1991)]

a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous and deadly weapon.

The defendant was convicted of the lesser included offense of second degree rape under N.C.G.S. § 14-27.3, which states in relevant part:

A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force and against the will of the other person.

Insofar as the jury found the defendant not guilty of first degree rape but guilty only of second degree rape, the jury clearly rejected the theory that the defendant employed a deadly weapon in commission of the crime. Where defendant was in effect found innocent by the jury of an element of a crime with which he was charged, in this case the use of a deadly weapon, the court cannot then find such as a factor in aggravation. *State v. Marley*, 321 N.C. 415, 424-25, 364 S.E.2d 133, 138-39 (1988). A new sentencing hearing is therefore required.

Guilt phase—no error.

Remanded for sentencing.

Judges COZORT and ORR concur.