STATE OF NORTH CAROLINA
v.
JEREMY A. SMART.
No. COA06-180
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Rebecca E. Lem, for the State.
Daniel F. Read for Defendant-Appellant.
STEPHENS, Judge.
On 1 July 2004, Officer D.J. Hege, of the Winston-Salem Police Department, observed Defendant leaning against the railing on the second floor breeze way of the Rolling Hills apartment complex. Officer Hege recognized Defendant as a nonresident because he had arrested Defendant at the same building two weeks earlier and had advised Defendant that he was not allowed on the property.
Upon recognizing Defendant, Officer Hege walked up the stairs to approach Defendant, and as Officer Hege approached the top of the stairs, Defendant began walking toward the apartment nearest him. At this point, Officer Hege noticed a bag with green leafy material in Defendant's right hand. As Defendant walked toward the slightly ajar door of the nearest apartment, Officer Hege grabbed Defendant's left arm to stop him from entering the apartment. As he attempted to pull Defendant from the doorway, Officer Hege saw Defendant throw a bag of green leafy matter into the apartment. Another bag of green leafy material remained in Defendant's right hand.
Officer Hege and another police officer secured and handcuffed Defendant and, upon searching him, found a third bag of this green leafy substance in his left pocket. After the officers obtained permission from the owner, they searched the apartment, where they found a similar bag of the green leafy matter with a set of silver pocket scales attached to it that were the type of scales commonly used to weigh illicit narcotics. There was only one door leading into the apartment and there was no one else present inside. Based on their observations and the evidence that they collected, the officers arrested Defendant. The green matter in the bags was later verified to be marijuana by a special agent at the State Bureau of Investigation. The confiscated bags contained a combined weight of 60.1 grams of marijuana.
At trial, Defendant stipulated to his habitual felon status and was convicted by a jury of possession with intent to sell and deliver, possession of drug paraphernalia, and second degree trespass. Upon those verdicts, the trial court entered judgments on 25 August 2005, sentencing Defendant to a minimum term of 80 months and a maximum term of 105 months for possession with intent to sell or distribute. Defendant was also sentenced to 120 days for possession of drug paraphernalia and to 20 days for second degree trespass, to be served concurrently with the other sentence. From this judgment, Defendant appeals. For the reasons set forth below, we find that Defendant received a fair trial, free of error.
Defendant brings forward seven arguments on appeal, each of which we address in turn.

I.
Defendant first contends that the trial court erred in admitting into evidence testimony of how marijuana is typically packaged in the Rolling Hills area of Winston-Salem because it was hearsay, inadmissible opinion evidence, and irrelevant. In support of his argument that the evidence was inadmissible hearsay, Defendant cites language from our Supreme Court, holding that the reputation of a place is not admissible to show the intent or guilty knowledge of one charged with illicit possession of contraband in that place. See State v. Weldon, 314 N.C. 401, 333 S.E.2d 701 (1985); see also State v. Williams, 164 N.C. App. 638, 596 S.E.2d 313, disc. review denied, 358 N.C. 738, 600 S.E.2d 857 (2004). However, the evidence in the present case about how marijuana is typically packaged in a neighborhood, while it may reflect on the reputation of the neighborhood, is not the same as testimony about the reputation for crime or drug activity in a neighborhood. Therefore, we hold the testimony was not inadmissible hearsay.
Defendant further argues that Officer Hege's testimony was inadmissible opinion evidence because his testimony was not in the nature of an expert opinion. However, to the extent the law requires that the testimony be given by an expert, Officer Hege's testimony qualified as expert testimony. We note that, under the Rules of Evidence, an expert may present an opinion based upon his or her specialized knowledge if that opinion assists the trier of fact. N.C. Gen. Stat. § 8C-1, Rule 702(a) (2005). The trial court is given a "'wide latitude of discretion when making a determination about the admissibility of expert testimony.'" State v. White, 154 N.C. App. 598, 604, 572 S.E.2d 825, 830 (2002) (quoting State v. Bullard, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984)). To qualify as an expert, the witness only needs to be "better qualified than the jury as to the subject at hand." State v. Davis, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992), disc. review denied, 333 N.C. 347, 426 S.E.2d 710 (1993). In this case, Officer Hege's testimony provided specialized knowledge, based on his experience and training, that assisted the jury, and thus, it was properly admitted.
Defendant makes no argument on his assignment of error that the evidence was irrelevant. Therefore, the assignment of error as to this contention is deemed abandoned pursuant to N.C. R. App. P. 28(b)(6). As for Defendant's argument that the evidence constituted inadmissible hearsay or opinion testimony, the assignment of error is overruled.

II.
Defendant next argues that the trial court erred in denying Defendant's motion for a mistrial where the State asked Defendant's only witness what he was "charged with." Defendant relies on Statev. Williams, 279 N.C. 663, 672, 185 S.E.2d 174, 180 (1971), for its holding that "for purposes of impeachment, a witness, including the defendant in a criminal case, may not be cross-examined as to whether he has been indicted or is under indictment for a criminal offense other than that for which he is then on trial." We, however, are guided by a case decided after Williams which more closely addresses the issue raised herein. In State v. Pruitt, 301 N.C. 683, 686-87, 273 S.E.2d 264, 267 (1981), our Supreme Court held that where "defendant opened the door to further inquiry by the prosecution by cross-examining [the witness] . . . the state . . . was entitled to explore the matter fully in its attempt to rehabilitate its witness. " Although the facts of the present case vary somewhat from the facts of Pruitt, the same overall concept applies here. In the present case, as in Pruitt, Defendant opened the door for the State to ask the witness about the same accusations or indictments that Defendant had already raised with the witness in Defendant's direct examination. Here, the State's questioning proceeded as follows:
Q: [Defense counsel] asked you a minute ago what you had been to court for in the last ten years. You said there was a possession of marijuana. Is that correct?
A: Misdemeanor possession and loitering, yes.
. . . .
Q: . . . Do you recall if you were charged with what's called loitering for drug activity?
Because the State's cross-examination was confined to an inquiry into the testimony elicited from the witness during Defendant's direct examination of him, we find no error in the admission of this testimony.

III.
In his third argument, Defendant contends that the trial court erred in allowing Officer G.A. Dorn to testify in rebuttal, as the evidence he presented did not in fact rebut any evidence and there was no showing that the State could not have reasonably secured him to testify during its case in chief. We note that the time allowed for rebuttal is not necessarily limited to rebuttal testimony. On the contrary, N.C. Gen. Stat. § 15A-1226 provides that "[t]he judge may permit a party to offer new evidence during rebuttal which could have been offered in the party's case in chief or during a previous rebuttal . . . ." N.C. Gen. Stat. § 15A-1226 (2005). Because it is within the trial court's discretion to allow new evidence during rebuttal and Defendant has failed to show an abuse of discretion here, it was not error for the court to permit Officer Dorn to testify.

IV.
Defendant further contends that the trial court erred in allowing Officer Dorn to offer Rule 404(b) evidence because such evidence was too remote in time, established no facts relevant to the present prosecution, and therefore served solely to prejudice and inflame the jury. Rule of Evidence 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005). However, the rule allows the admission of such evidence " for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Id. Defendant also cites State v. Wilkerson, 356 N.C. 418, 418, 571 S.E.2d 583, 583 (2002) (per curiam), as prohibiting introduction of evidence of a "bare fact" of a prior conviction. In the present case, Officer Dorn testified to much more than the fact of Defendant's prior conviction. Thus, Wilkerson is inapplicable here. Accordingly, we consider whether the State had a purpose other than showing Defendant's character or showing that Defendant acted in conformity with his prior conduct. If another purpose exists, then the evidence is admissible under Rule 404(b). See State v. Irby, 113 N.C. App. 427, 439 S.E.2d 226 (1994).
In this case, Officer Dorn testified about a prior incident, which happened less than two years earlier, in which Defendant was spotted by a police officer, Defendant ran away from the officer, Defendant threw a bag of marijuana to the ground as he was being chased, and Defendant tried to hide in an apartment in Rolling Hills to avoid being apprehended. The State offered this evidence to show a common plan or scheme, and the court gave a limiting instruction to the jury, instructing them to consider the evidence only for its tendency to show a plan or scheme. We note that "[w]hen the incidents are offered for a proper purpose, the ultimate test of admissibility is `whether the incidents are sufficiently similar and not so remote in time as to be more probative than prejudicial under the balancing test of N.C.G.S. § 8C-1, Rule 403.'" State v. Pruitt, 94 N.C. App. 261, 266, 380 S.E.2d 383, 385 (quoting State v. Boyd, 321 N.C. 574, 577, 364 S.E.2d 118, 119 (1988)), disc. review denied, 325 N.C. 435, 384 S.E.2d 545 (1989). Due to the similarities of Defendant's possession of marijuana, his attempt to dispose of the marijuana while being chased, his escape tactic, and the location of the arrest, we hold that the prior incident described by Officer Dorn's testimony was sufficiently similar to the facts of the present case as to be more probative than prejudicial.
We next consider Defendant's argument that the almost two years separating the first incident from the current case made the first incident too remote in time to be admissible. We find Defendant's argument without merit. Our Supreme Court has held that even ten years separation between sufficiently similar events is not so remote as to make evidence inadmissible. See State v. Stager, 329 N.C. 278, 406 S.E.2d 876 (1991). Thus, we conclude that the time frame of almost two years is not so remote that the risk of prejudice outweighs the probative value of the evidence. Having examined all of the aspects of Defendant's argument, we find no error in the trial court's admission of Officer Dorn's testimony.

V.
Defendant next contends that the trial court erred in denying Defendant's motion to dismiss, particularly as it related to the charge of possession with intent to sell and deliver. When presented with a motion to dismiss by a criminal defendant, the evidence before the court is examined "in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (citation omitted). The evidence is to be viewed in the same manner whether it is direct or circumstantial or both. Bullard, 312 N.C. at 160, 322 S.E.2d at 388. The question posed to the court, when reviewing a motion to dismiss criminal charges, is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). While "substantial evidence" is required to survive a motion to dismiss, our Supreme Court defines substantial evidence as "'relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" State v. Laws, 345 N.C. 585, 592, 481 S.E.2d 641, 644 (1997) (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)).
Defendant contends that the trial court erred in denying his motion to dismiss the charge of possession with intent to sell or deliver. There are only two elements for the crime of possession with intent to sell or deliver. First, the defendant must knowingly possess marijuana, and second, the defendant must intend to sell or deliver the marijuana. N.C. Gen. Stat. § 90-95(a)(1) (2005). Defendant argues that no evidence was presented of his intent to sell or deliver the marijuana he possessed. However, the evidence showed that the total amount of marijuana confiscated exceeded 60 grams, and one of the bags of marijuana had attached to it a set of silver pocket scales of the type often used to weigh illicit drugs for sale and distribution. This evidence was sufficient for a reasonable mind to accept as adequate to support the conclusion that Defendant had the requisite intent to sell or deliver. As such, the State presented substantial evidence sufficient to withstand the motion to dismiss. This assignment of error is overruled.

VI.
Defendant also argues that the trial court erred in instructing the jury on felonious possession of marijuana as the indictment failed to allege a specific weight. "It is incumbent upon a defendant not only to show error, but to show that the error of which he complains constituted prejudice sufficient to warrant a new trial." State v. Partin, 48 N.C. App. 274, 283, 269 S.E.2d 250, 255-56, appeal dismissed and disc. review denied, 301 N.C. 404, 273 S.E.2d 449 (1980). "To prove prejudicial error, `an appellant must show that there is a reasonable possibility that, had the error not been committed, a different result would have been reached at trial.'" State v. Teague, 134 N.C. App. 702, 707, 518 S.E.2d 573, 577 (1999) (quoting State v. Martin, 322 N.C. 229, 238-39, 367 S.E.2d 618, 623-24 (1988)), appeal dismissed and cert. denied, 351 N.C. 368, 542 S.E.2d 655 (2000). In the present case, regardless of whether the court properly or improperly instructed the jury on the lesser included offense of felonious possession, such instruction could not have been prejudicial because the jury did not convict Defendant of the lesser included offense, but instead convicted him of the charged offense of possession with intent to sell or deliver. This assignment of error has no merit and is overruled.

VII.
As his seventh and final argument, Defendant contends that the trial court erred in sentencing him to 80 to 105 months imprisonment for possessing marijuana, in that the sentence was sufficiently disproportionate to the charge so as to result in an unconstitutional application of the statute and infliction of cruel and unusual punishment. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001, 115 L. Ed. 2d 836, 869 (1991) (internal quotations and citations omitted). Defendant presents no argument that a sentence of 80 to 105 months of imprisonment is grossly disproportionate to a crime of possession with intent to sell or deliver 60.1 grams of marijuana where the defendant is an habitual felon. Furthermore, the United States Supreme Court upheld a sentence of 40 years of imprisonment for a conviction of possession with intent to distribute and distribution of nine ounces of marijuana where the defendant was not an habitual offender. Hutto v. Davis, 454 U.S. 370, 70 L. Ed. 2d 556, reh'g denied, 455 U.S. 1038, 72 L. Ed. 2d 156 (1982). Thus, we conclude that Defendant's sentence in the present case does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.
For the foregoing reasons, we hold that Defendant received a fair trial, free of error.
No error.
Judges WYNN and HUDSON concur.
Report per Rule 30(e).
The judges concurred prior to 31 December 2006.