**STATE v. BAILEY**

[93 N.C. App. 721 (1989)]

─────────────────────

STATE OF NORTH CAROLINA v. JAMES ARNOLD BAILEY

No. 8819SC1034

(Filed 16 May 1989)

**1. Criminal Law § 121— driving while impaired—entrapment— no instruction required**

The trial court did not err by denying defendant's request that the jury be charged on the defense of entrapment in a prosecution for driving while impaired where defendant approached an officer at the Charlotte Motor Speedway seeking assistance in locating his truck; the officer testified that defendant had an odor of an intoxicant about him and that he formed the opinion that defendant was under the influence of some intoxicant as defendant stood talking with him; and

defendant's testimony denied that the officer told him that he was intoxicated and that he should wait a while before driving. There was no showing of any persuasion or fraud on the part of the officer, nor a showing that the criminal design originated with the officer.

2. **Automobiles and Other Vehicles § 130— driving while impaired —refusal to consider limited driving privilege—abuse of discretion**

The trial court abused its discretion in a prosecution for driving while impaired by refusing to allow defendant to show good cause for the authorization of a limited driving privilege. The court's abuse is additionally borne out by the trial judge's pretrial statement to defendant's attorney indicating that "under no circumstances [does he] ever grant limited driving privilege[s]."

APPEAL by defendant from *Davis (James C.), Judge.* Judgment entered 4 May 1988 in Superior Court, CABARRUS County. Heard in the Court of Appeals 11 April 1989.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for defendant-appellant.*

ORR, Judge.

The State's evidence tended to show that on 20 May 1987 Officer Childress and several other troopers were at the Charlotte Motor Speedway directing traffic. At about 8:50 p.m., defendant approached Officer Childress who was standing next to his patrol car and asked for help in locating his truck. Defendant told the officer that he had been trying to find his truck for "several hours." Defendant's motions were slow, his speech was slurred, and the officer smelled alcohol about defendant's person.

After defendant explained his situation, Officer Childress pointed out the general location of where defendant's truck was thought to be. Defendant was told that he was intoxicated and that he should wait awhile. Defendant then visually located his truck and walked away.

The officer observed defendant as he walked off and he noticed that defendant stumbled and staggered. Officer Childress then saw defendant get into his truck and the interior light come on momentarily. When the truck started to move, the officer got into his car and drove toward defendant. Defendant thereafter exited the parking lot and drove his truck about 500 feet on Highway 29. Officer Childress pulled defendant over and arrested him for driving while impaired. He was taken into custody and given a breathalyzer test which registered .14. Defendant was convicted of driving while impaired before the Honorable F. M. Montgomery in Cabarrus County District Court and a Level Five punishment was imposed.

Defendant appealed that judgment to the Superior Court of Cabarrus County. He was convicted before a jury and a Level Five punishment was imposed. Defendant's request for a limited driving privilege was denied. Defendant appeals to this Court.

I.

[1] We will first address the issue of whether the trial court erred in denying defendant's request that the jury be charged on the defense of entrapment. Defendant argues that he offered evidence sufficient to raise the question of entrapment for the jury.

A defendant is entitled to have the judge charge the jury on all of the substantive features of the case which the evidence supports. *See State v. Brock*, 305 N.C. 532, 290 S.E. 2d 566 (1982). However,

> [b]efore the trial court can submit the defense of entrapment to the jury there must be some credible evidence tending to support defendant's contention . . . . The defense of entrapment consists of two essential elements: (1) acts of persuasion, trickery or fraud carried out by law enforcement officers . . . to induce a defendant to commit a crime; and (2) that the criminal design originated in the minds of the law enforcement officers rather than the innocent defendant, such that the crime was the product of the creative activity of the law enforcement officers.

*State v. Martin*, 77 N.C. App. 61, 66, 334 S.E. 2d 459, 462 (1985), *cert. denied*, 317 N.C. 711, 347 S.E. 2d 47 (1986). (Citation omitted.)

The facts here show that defendant approached Officer Childress seeking assistance in locating his truck. Officer Childress testified

that defendant had an odor of an intoxicant about his person, and that as defendant stood talking with him, he immediately formed the opinion that defendant was under the influence of some intoxicant. Defendant's testimony denied that the officer told him that he was intoxicated and that he better wait awhile. He contends that he would not have driven had he been instructed not to do so.

The foregoing evidence does not support a finding that defendant was entitled to have the instruction which he requested. There was no showing of any persuasion or fraud on the part of the officer, nor was there a showing that the criminal design originated with Officer Childress. Defendant has failed to meet his burden of production and persuasion as to this issue. *See State v. Hageman,* 307 N.C. 1, 28, 296 S.E. 2d 433, 448 (1982). Even assuming *arguendo* that Officer Childress did not tell defendant that he was intoxicated, the officer's conduct of allowing defendant to walk away and get into his truck did not induce defendant to commit a crime. The officer's testimony shows that defendant had not broken any laws until he drove his truck onto Highway 29 while intoxicated. Therefore, the officer had no cause to detain defendant until that time. This assignment of error is overruled.

II.

[2] The next issue which we shall address is whether the trial court abused its discretion in denying defendant's request for a limited driving privilege. Defendant argues that the court abused its discretion by not allowing him to show that he met the statutory requirements for receiving a limited driving privilege. The State contends that defendant was informed before trial that under no circumstances would the court grant defendant a limited driving privilege if he was convicted as charged. According to the State, defendant could have remanded the case to district court and accepted that judgment which would have included a limited driving privilege, or he could have sought continuances until his case came before a judge who would grant him a limited driving privilege.

The statute which governs limited driving privileges states that "[a] limited driving privilege is a judgment issued in the discretion of a court for good cause shown . . . ." G.S. 20-179.3(a) (1983). Section (b) establishes that a person who has been convicted of driving while impaired under G.S. 20-138.1 is eligible for a limited driving privilege if he shows:

(1) At the time of the offense he held a valid driver's license;

(2) At the time of the offense he had not within the preceding 10 years been convicted of an offense involving impaired driving;

(3) Punishment Level Three, Four, or Five was imposed for the offense of impaired driving; and

(4) Subsequent to the offense he has not been convicted of, or had an unresolved charge lodged against him for, [sic] an offense involving impaired driving.

Defendant contends that he could have met the requirements of the statute if he had been allowed to demonstrate good cause. His official record of convictions for violations of motor vehicle laws and his driver's license record show that he had no prior convictions for violations of this type. The court found no aggravating or grossly aggravating factors. Having found mitigating factors, punishment was imposed at level five. There was no showing of any subsequent violations of this nature. Consequently, the court's refusal to allow defendant to show good cause for the authorization of a limited driving privilege, in the absence of more, must be seen as an abuse of discretion. "A discretionary order of the trial court is conclusive on appeal in the absence of abuse or arbitrariness, or some imputed error of law or legal inference. But the exercise of discretion implies conscientious judgment arrived at in accordance with established rules, and not arbitrary action." 1 Strong's N.C. Index 3d *Appeal and Error* section 54 (1976). (Citations omitted.) In this case, the court's discretion should have been directed at the question of whether defendant demonstrated "good cause" and not at whether the court should allow him the opportunity to do so. The statute lists six reasons which might be used to show good cause. Defendant was wrongfully denied the opportunity to offer evidence as to this issue.

Furthermore, the court's abuse is additionally borne out in the trial judge's pretrial statement to defendant's attorney indicating that "under no circumstances [does he] ever grant limited driving privilege[s]." This statement reflects the court's unwillingness to properly exercise discretion as the statute requires. "Where the record discloses that the court refused to determine a discretionary matter in the exercise of its discretion, but determined the question as a matter of law, the ruling is reviewable . . . ." 1 Strong's N.C. Index 3d *Appeal and Error* section 54 (1976).

Based upon the foregoing, we reverse the judgment below and remand this case on the sole issue of defendant's eligibility for a limited driving privilege. We will not disturb the remaining portion of that judgment.

Reversed, remanded in part and affirmed in part.

Judges BECTON and JOHNSON concur.