STATE OF NORTH CAROLINA v. BENJAMIN MARK GOLDMAN, DEFENDANT

No. 8918SC440

(Filed 20 March 1990)

**1. Criminal Law § 34.8 (NCI3d)— narcotics offense—evidence of drug possession and marijuana use—admissibility to show predisposition to commit offense**

The trial court did not err in admitting evidence of defendant's drug possession and marijuana use where the State

STATE v. GOLDMAN

[97 N.C. App. 589 (1990)]

introduced the evidence in an attempt to show that defendant had a predisposition to commit the crimes charged and was therefore not entrapped. N.C.G.S. § 8C-1, Rule 404(b).

Am Jur 2d, Criminal Law §§ 205, 206; Drugs, Narcotics, and Poisons §§ 43, 46, 47; Evidence § 321.

2. **Criminal Law § 34.8 (NCI3d) — narcotics offense — cocaine and marijuana possession eight days after crimes charged — admissibility of evidence**

The trial court did not err in admitting evidence of defendant's cocaine and marijuana possession just eight days after being charged with three drug related offenses, since the evidence was extremely relevant and had probative value which substantially outweighed the danger of unfair prejudice. N.C.G.S. § 8C-1, Rule 403.

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 46, 47; Evidence §§ 321, 329.

3. **Criminal Law § 34.8 (NCI3d) — narcotics offense — evidence of prior drug use — admissibility to show predisposition to commit crimes**

In a prosecution of defendant for possession with intent to sell and deliver and sale and delivery of LSD and cocaine, the trial court did not err in admitting evidence of defendant's prior drug use to show his predisposition to commit the crimes charged. N.C.G.S. § 8C-1, Rule 404(b).

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 46, 47; Evidence §§ 321, 329.

4. **Criminal Law § 73.1 (NCI3d) — hearsay evidence later withdrawn — defendant not prejudiced**

The trial court did not err by first allowing as corroborating evidence, and then later excluding, hearsay evidence that defendant was a drug dealer, since the court's instruction withdrawing the evidence was appropriate, and there was no indication in the record that the jury disregarded the court's instruction and considered the improper testimony in reaching the verdict.

Am Jur 2d, Trial §§ 655, 748, 753, 919.

5. **Narcotics § 4.2 (NCI3d)— possession with intent to sell and deliver cocaine and LSD—entrapment—sufficiency of evidence**

In a prosecution of defendant for possession with intent to sell and deliver and sale and delivery of LSD and cocaine, the trial court did not err in denying defendant's motion to dismiss since defendant did not prove as a matter of law that he was entrapped. ·

**Am Jur 2d, Criminal Law § 203; Drugs, Narcotics, and Poisons §§ 43, 47.**

APPEAL by defendant from judgment entered 10 January 1989 by *Judge Julius Rousseau* in GUILFORD County Superior Court. Heard in the Court of Appeals on 18 October 1989.

After a trial by jury, defendant was convicted of possessing Lysergic Acid Diethylamide ("LSD") and cocaine with the intent to sell and deliver, selling and delivering LSD and cocaine and trafficking in LSD. Such conduct was in violation of G.S. sec. 90-95. Upon conviction, the trial court imposed an active prison term of ten years. Defendant gave notice of appeal to the judgment in open court.

*Attorney General Lacy H. Thornburg, by Associate Attorney General V. Lori Fuller, for the State.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Bryan E. Lessley, for defendant-appellant.*

JOHNSON, Judge.

Defendant's convictions arise out of three separate drug transactions which occurred on 30 October 1987, 13 November 1987, and 16 November 1987 between defendant and undercover officers. Undisputed evidence presented by the State showed the following: At the time of the drug transactions, defendant was a nineteen-year-old college student at the University of North Carolina at Greensboro.

On 30 October 1987, defendant through Lonnie Lemmons, an informant for the State Bureau of Investigation, was introduced to Anna Freeman, an undercover agent employed by the State Bureau of Investigation. The introduction took place prior to defendant's sale of LSD to Agent Freeman. Though Mr. Lemmons

stood by the fender of the car operated by Agent Freeman, defendant actually handled the drugs and collected the money that had been prearranged by Lemmons.

The next two sales were similar to the first sale and took place on 13 November 1987 and 16 November 1987. Mr. Lemmons, however, was not present when defendant sold the drugs to the undercover officers.

On 24 November 1987, law enforcement officers searched defendant's apartment and found five marijuana plants growing, each measuring five-feet in height, a cocaine kit and a packet containing 1.8 grams of cocaine. Defendant was thereafter arrested and convicted of seven counts of possessing LSD and cocaine with the intent to sell and deliver, selling and delivering LSD and cocaine and trafficking in LSD.

At trial, defendant testified that: (1) he possessed and sold LSD to Agent Freeman on 30 October 1987; (2) he possessed and sold more than one gram of cocaine to Agent Freeman and Detective Kenneth Kennedy on 13 November 1987; and (3) he possessed and sold more than one hundred and less than five hundred dosage units of LSD to Detective Kennedy on 16 November 1987. Defendant stated that he had never sold cocaine or LSD prior to these three occasions. He also stated that he made the three sales because Lonnie Lemmons instructed him to sell the drugs to Agent Freeman and Detective Kennedy.

Defendant brings forth two Assignments of Error for this Court's review. Assignment of Error number one sets out five arguments to support defendant's overall contention. Inasmuch as each argument relates to specific questions, we will address them separately to insure adequate discussion. We will then address defendant's second Assignment of Error.

By his first Assignment of Error, defendant contends that the trial court erred by refusing to dismiss the charges on the grounds that defendant did not prove as a matter of law that he was entrapped. We disagree.

Our Supreme Court has held that "[w]hether the defendant was entitled to have the defense of entrapment submitted to the jury is to be determined by the evidence. Before a Trial Court can submit such a defense to the jury there must be some credible evidence tending to support the defendant's contention that he

was a victim of entrapment, as that term is known to the law." *State v. Burnette*, 242 N.C. 164, 173, 87 S.E.2d 191, 197 (1955). The affirmative defense of entrapment consists of two elements:

> (1) acts of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime, (2) when the criminal design originated in the minds of government officials, rather than with the innocent defendant, such that the crime is the product of the creative activity of the law enforcement authorities.

*State v. Walker*, 295 N.C. 510, 513, 246 S.E.2d 748, 750 (1978). We note that this is a two-step test and the absence of one element does not afford the defendant the luxury of availing himself to the affirmative defense of entrapment. *State v. Hageman*, 307 N.C. 1, 296 S.E.2d 433 (1982). The burden of proving entrapment to the satisfaction of the jury lies with the defendant. *Id.*

I

[1] Defendant's first argument challenges the trial court's admission of evidence of his drug possession and marijuana use. We have reviewed the State's evidence and find defendant's contention that the trial court erred in the admission of this evidence to be without merit.

G.S. sec. 8C-1, Rule 404(b) provides that

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or *absence of* mistake, *entrapment* or accident. (Emphasis added.)

The State introduced evidence of defendant's marijuana use and possession in an attempt to show that defendant had a predisposition to commit these crimes and was therefore not entrapped. As a general principle, predisposition may be demonstrated by defendant's ready compliance, acquiescence in, or willingness to cooperate in a criminal plan where the police simply provide the defendant with the opportunity to engage in such crime. *Hageman, supra.* Here, the State's evidence was properly admitted to illustrate the absence of entrapment.

## II

[2]  By his next argument, defendant contends that the trial court improperly admitted evidence of his cocaine and marijuana possession occurring eight days after the last crime charged. Defendant further contends that the evidence was irrelevant and that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice. We disagree.

In making such an argument, defendant asks this Court to hold inadmissible any evidence found after the date of the crime charged. *See United States v. Jimenez*, 613 F.2d 1373 (5th Cir. 1980) and *United States v. Daniels*, 572 F.2d 535 (5th Cir. 1978). We cannot, however, make such a holding since neither *Jimenez* nor *Daniels* stands for the general proposition that *all* evidence found after the date of the crime charged in *all* instances is inadmissible.

In *Jimenez*, the Court, after reviewing the relevancy of the evidence found after the date of the crime charged, determined that a year had lapsed between the heroin deal and the alleged cocaine possession. The Court then concluded that such facts did not necessarily "suggest that subsequent extrinsic offense evidence could never be admitted under Rule 404(b), [but] it certainly bears substantially less on predisposition than would a prior extrinsic offense." *Jimenez, supra*, at 1376. Therefore, the evidence of defendant's alleged cocaine possession was held to be inadmissible.

In *Daniels*, evidence of defendant's possession of a sawed-off shotgun three months after the date of the crime charged was excluded since the act occurred subsequent to the crime charged and the gun possession was not probative to the crime charged (sale of heroin). By making such a determination, the United States Court of Appeals reversed the trial court's decision and emphatically stated that it was erroneous to admit, in order to establish defendant's predisposition to violate the drug laws, evidence concerning his possession of a sawed-off shotgun.

We find *Jimenez* and *Daniels* distinguishable from the present case since the evidence in this case was found only eight days after defendant was charged and the subsequent act of possessing cocaine and marijuana is both relevant and probative to the crimes charged. G.S. sec. 8C-1, Rule 403 is applicable and provides that

STATE v. GOLDMAN

[97 N.C. App. 589 (1990)]

[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

In our view, the evidence of defendant's cocaine and marijuana possession just eight days after being charged with three drug related offenses is extremely relevant and has a probative value that substantially outweighs the danger of unfair prejudice. This argument is overruled.

## III

[3] Next, defendant argues that the trial court erred in admitting evidence of his cocaine and LSD use.

As previously stated, G.S. sec. 8C-1, Rule 404(b) provides that evidence of other wrongs is admissible to prove absence of entrapment. We view personal use of drugs as not being synonymous with the intent to sell, distribute or traffic drugs. However, we find no error with the trial court's decision to admit evidence of defendant's prior drug use to show his predisposition to commit the crimes charged.

## IV

[4] Through his fourth argument, defendant contends that the trial court committed prejudicial error by first allowing, as corroborating evidence, and then later excluding, hearsay evidence that defendant was a drug dealer.

Undisputedly, competent reputation testimony can be used to establish predisposition. *United States v. Dickens*, 524 F.2d 441 (5th Cir. 1976), *cert. denied*, 425 U.S. 994, 96 S. Ct. 2208, 48 L.Ed.2d 819 (1976). Where the evidence is, however, determined to be incompetent, an appropriate instruction must be given by the court to the jury. This instruction has the effect of withdrawing the evidence from jury consideration and any error in its admission is therefore cured. *State v. Pruitt*, 301 N.C. 683, 273 S.E.2d 264 (1981).

We cannot accept defendant's argument that the trial court committed prejudicial error by placing testimony before the jury which was not corroborated. The court gave the following instruction:

All right. Members of the jury, in the early part of this trial, Miss Freeman testified she talked to the informer, Mr. Lonnie Lemmons, and that he told her certain things about the defendant, that he was dealing in drugs. I'm at this time telling you to disregard what she might have said Lonnie Lemmons told her about this defendant. This defendant is on trial for the cases you've heard about here in this courtroom, not on something he may have done some other time or any other thing. You can only convict him if the charges he was charged with on the evidence that you've heard here. Disregard anything that she might have said somebody told her about prior drug dealings.

The record does not indicate that the jury disregarded the court's instruction and considered Agent Freeman's earlier testimony in reaching the verdict. We therefore find no error.

In light of our analysis of defendant's second argument, we have considered, but find it unnecessary to address his contention that the trial court erred by admitting evidence showing absence of entrapment. Defendant's fifth argument is therefore not discussed.

[5] Finally, contending there was insufficient evidence to support his conviction, defendant assigns as error the trial court's denial of his motion to dismiss. We must consider all evidence disclosed at trial in the light most favorable to the State in an attempt to ascertain whether or not substantial evidence of the crime is present. *State v. McKinnon*, 306 N.C. 288, 293 S.E.2d 118 (1982). "Ordinarily, the issue of whether a defendant has been entrapped is a question of fact which must be resolved by the jury. It is only when the undisputed evidence discloses that an accused was induced to engage in criminal conduct that he was not predisposed to commit that we can hold as a matter of law that he was entrapped." *Hageman, supra*, at 30, 296 S.E.2d at 450.

At trial, defendant admitted that he possessed and sold LSD and cocaine on the three occasions for which his convictions arose. He denied, however, having a predisposition to possess, sell and deliver, and traffic drugs. The State, on the other hand, presented evidence that defendant was predisposed to the crimes charged. Upon appraisal of the disputed evidence, the trial court submitted the issue of entrapment to the jury.

We hold that there was sufficient evidence to support the denial of defendant's motion to dismiss since he did not prove as a matter of law that he was entrapped. In the trial of defendant's case, we find

No error.

Judge ORR concurs.

Judge WELLS concurs in the result.