STATE OF NORTH CAROLINA v. RODNEY J. McCASLIN

No. COA98-465

(Filed 16 February 1999)

**1. Motor Vehicles— driving while impaired—instructions—two instances—single offense—unanimous verdict**

The trial court did not err in a prosecution for driving while impaired by refusing to instruct jurors that they could consider only the first incident of defendant's driving, even though defendant argued that a less than unanimous verdict resulted, where defendant left the scene of an accident, returned in a car driven

STATE v. McCASLIN

[132 N.C. App. 352 (1999)]

by another person while a highway patrol trooper was completing the accident report, left the scene when the trooper told defendant that he needed to see the truck, and returned a few minutes later driving his truck.

**2. Criminal Law— entrapment—driving while impaired**

The trial court properly refused to instruct the jury on the defense of entrapment in an impaired driving prosecution where defendant left the scene of an accident, returned in a car driven by another person as the highway patrol trooper was writing the accident report, the trooper asked to see defendant's truck, and defendant left and returned driving the truck. There was no evidence that the trooper suspected defendant of being intoxicated prior to requesting to see the truck, there was no evidence that the trooper instructed defendant rather than the female accompanying him to drive the truck back to the scene, the Trooper testified that he did not begin to suspect that defendant was intoxicated until defendant was seated in the patrol car after returning the truck to the scene, and the other participant in the accident testified that he had observed nothing about defendant which would have led him to believe defendant was intoxicated.

Appeal by defendant from judgment entered 6 January 1998 by Judge L. Todd Burke in Alexander County Superior Court. Heard in the Court of Appeals 11 January 1999.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Wesley E. Starnes for defendant-appellant.*

MARTIN, Judge.

Defendant appeals his conviction and sentence for driving while impaired ("DWI") in violation of G.S. § 20-138.1 resulting from events which took place on the evening of 20 February 1997. At approximately 7:45 p.m. on that date, Christopher Tunstill, accompanied by his wife, was driving his vehicle when defendant, driving a black Ford pick-up truck, approached them from the opposite direction. As the vehicles passed, an exercise bike fell off the back of defendant's truck and struck the Tunstills' vehicle. Both drivers stopped their vehicles to inspect the damage, and Mr. Tunstill used his cellular phone to report the incident to the Highway Patrol. Defendant left the scene, telling Mr. Tunstill that he was going home and would return shortly.

In response to Mr. Tunstill's call, Trooper D. D. McDevitt of the North Carolina Highway Patrol arrived and spoke with Mr. Tunstill. While Trooper McDevitt and Mr. Tunstill were completing an accident report, defendant returned to the scene in a red car driven by a female. Trooper McDevitt questioned defendant as to the whereabouts of the truck involved in the accident, and defendant responded that the truck was at his home. Trooper McDevitt told defendant that he needed to see the truck, since information for the accident report was needed from the vehicle. Defendant left the scene in the red car driven by the female and returned a few minutes later driving his truck.

Trooper McDevitt testified at trial that after defendant returned in the truck, both drivers were seated in the patrol car while the officer completed some paper work. Trooper McDevitt began to detect the odor of alcohol coming from defendant. Trooper McDevitt then observed defendant more closely and saw that his eyes were bloodshot and that he had a strong odor of alcohol on his breath. He asked defendant to take an alco-sensor test, but defendant refused. Trooper McDevitt then arrested defendant for DWI. Defendant offered no evidence.

---

**[1]** By his second and fourth assignments of error, defendant argues the trial court committed reversible error by (1) refusing to instruct the jurors that they could consider only the first incident of defendant's driving in determining whether he did so while subject to an impairing substance, and (2) having declined to give such an instruction, by refusing to set aside the verdict on grounds it could have been less than unanimous. The trial court denied defendant's request that the jurors be restricted to a consideration of defendant's driving at the time of the accident and instructed the jury as follows:

> Now I charge that for you to find the defendant guilty . . . the State must prove three things beyond a reasonable doubt. First, that the Defendant was driving a vehicle. Second, that he was driving this vehicle upon a highway or street or public vehicular area within the State . . . . The third element . . . is that at the time the Defendant was driving the vehicle, he was under the influence of an impaired substance.

Defendant contends that permitting the jury to consider defendant's driving both at the time of the accident, as well as when he returned to the scene in his truck, in determining the existence of the forego-

ing elements, resulted in the possibility that defendant was convicted upon a less than unanimous vote in violation of his constitutional right to a unanimous verdict. We reject his argument.

The North Carolina Constitution provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. Art. I, § 24. Our Supreme Court addressed the issue of disjunctive instructions and nonunanimous verdicts in *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990). In *Hartness*, the defendant, who was convicted of various counts of sexual abuse, argued that the disjunctive phrasing of the jury instructions allowed the jury to consider both the defendant's touching of his stepson, as well as the stepson's touching of defendant, in determining defendant's guilt under the statute, thereby resulting in the possibility of a nonunanimous verdict. *Id.* at 563, 391 S.E.2d at 178. The court determined, however, that no such risk existed, "because the statute proscribing indecent liberties does not list, as elements of the offense, discrete criminal activities in the disjunctive." *Id.* at 564, 391 S.E.2d at 179. The court went on to state:

> [e]ven if we assume that some jurors found that one type of sexual conduct occurred and others found that another transpired, the fact remains that the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of [the statute].

*Id.* at 565, 391 S.E.2d at 179.

Thus, under *Hartness*, we must look to the language of G.S. § 20-138.1 to determine whether it proscribes a single offense, or "discrete criminal activities in the disjunctive." Our Supreme Court addressed this very issue in *State v. Oliver*, 343 N.C. 202, 215, 470 S.E.2d 16, 24 (1996), wherein the court stated, "[a]s is indicated by the plain language of the statute, N.C.G.S. § 20-138.1 proscribes the single offense of driving while impaired which may be proven in one of two ways." The court, citing the reasoning applied in *Hartness*, stated that even taking as true the defendant's argument that the jury may have returned a guilty verdict without all twelve jurors agreeing as to the time and extent of the defendant's drunkenness, "the fact remains that jurors unanimously found defendant guilty of the single offense of impaired driving." *Id.* at 215, 470 S.E.2d at 24.

This Court has also found *Hartness* to be controlling in situations which involve "alternative methods of establishing a single offense."

*See State v. Johnston,* 123 N.C. App. 292, 297, 473 S.E.2d 25, 29, *disc. review denied,* 344 N.C. 737, 478 S.E.2d 10 (1996) (where defendant's conviction for disseminating obscenity was predicated on the sale of two magazines and the jury could have disagreed as to which one was obscene, the trial court's refusal to instruct the jury that "there must be unanimous agreement that at least one of the two magazines . . . was obscene," did not violate defendant's right to a unanimous verdict). In light of the foregoing precedent, we overrule defendant's second and fourth assignments of error.

[2] By his third assignment of error, defendant argues the trial court erred in failing to instruct the jury on the issue of entrapment. Entrapment is "the inducement of a person to commit a criminal offense not contemplated by that person, for the mere purpose of instituting criminal action against him." *State v. Davis,* 126 N.C. App. 415, 417, 485 S.E.2d 329, 331 (1997) (citations omitted). In order to establish the defense a defendant must show that "(1) law enforcement officers or their agents engaged in acts of persuasion, trickery or fraud to induce the defendant to commit a crime, and (2) the criminal design originated in the minds of those officials rather than with the defendant." *Id.* at 418, 485 S.E.2d at 331. A defendant must present " 'credible evidence tending to support [his] contention that he was a victim of entrapment . . .' " to be entitled to a jury instruction on the defense of entrapment. *State v. Goldman,* 97 N.C. App. 589, 592-93, 389 S.E.2d 281, 283, *disc. review denied,* 327 N.C. 434, 395 S.E.2d 691 (1990) (quoting *State v. Burnette,* 242 N.C. 164, 173, 87 S.E.2d 191, 197 (1955)). *See also, State v. Martin,* 77 N.C. App. 61, 334 S.E.2d 459 (1985), *cert. denied,* 317 N.C. 711, 347 S.E.2d 47 (1986).

In the present case, defendant contends the evidence of Trooper McDevitt's request to see defendant's truck so that he could complete the accident report was sufficient credible evidence to support the conclusion that defendant was a victim of entrapment. Defendant argues this evidence showed Trooper McDevitt had the time necessary to observe that defendant was intoxicated prior to his requesting to see defendant's truck, and, therefore, a jury could infer that Trooper McDevitt intended to trick defendant into driving the truck back to the scene while he was under the influence of an impairing substance. We disagree.

There was no evidence that Trooper McDevitt suspected defendant of being intoxicated prior to requesting to see the truck, nor was

there evidence that Trooper McDevitt instructed defendant, rather than the female accompanying him, to drive the truck back to the scene. Moreover, Trooper McDevitt testified that he did not begin to suspect that defendant was intoxicated until defendant was seated in his patrol car after returning the truck to the scene, and Mr. Tunstill testified that he had observed nothing about defendant which would have led him to believe defendant was intoxicated.

In *State v. Bailey*, 93 N.C. App. 721, 379 S.E.2d 266 (1989), the defendant approached an officer for help in locating his truck. The officer observed that the defendant was visibly intoxicated, and pointed the defendant in the general direction of his vehicle. The officer then stood and watched as the defendant got into his truck and began to drive, at which point the officer followed the defendant and arrested him. *Id.* The court, in holding that the defendant was not entitled to an entrapment instruction, stated, "[t]here was no showing of any persuasion or fraud on the part of the officer, nor was there a showing that the criminal design originated with [the officer]." *Id.* at 724, 379 S.E.2d at 268. Likewise, in the present case, defendant has failed to present any credible evidence that Trooper McDevitt's motive in requesting to see defendant's truck was anything more than a legitimate need to see the vehicle involved in the accident in order to complete his investigation. We hold, therefore, that the trial court properly refused to instruct the jury on the defense of entrapment. *See State v. Rosario*, 93 N.C. App. 627, 379 S.E.2d 434, *disc. review denied*, 325 N.C. 275, 384 S.E.2d 527 (1989) (in the absence of evidence tending to establish all elements of entrapment, the defense has not been sufficiently raised to submit the issue to the jury).

Defendant's remaining assignment of error has been abandoned.

No error.

Chief Judge EAGLES and Judge McGEE concur.