STATE OF NORTH CAROLINA,
v.
KEVIN LACY AUTRY, Defendant.
No. COA09-1423.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Harriet F. Worley, for the State.
James N. Freeman, Jr. for defendant-appellant.

UNPUBLISHED OPINION
ROBERT C. HUNTER, Judge.
Defendant Kevin Lacy Autry appeals from his conviction of possession of a firearm by a felon, arguing primarily that the State failed to establish the proper chain of custody for the admission of the gun and bullets, and, therefore, the trial court erred in denying his motion to voir dire the sheriff's department's evidence clerk regarding the chain of custody of the evidence. Because, however, the gun and bullets were identified at trial as the same items seized from defendant and defendant failed to point to any evidence indicating that they have been altered or undergone a material change while in the custody of the sheriff's department, the trial court properly denied defendant's motion and admitted the evidence. Accordingly, we find no error.

Facts
The State's evidence tended to establish the following facts at trial: On 29 December 2008 Detective David Southards and Deputy Josh Freeman, along with other deputies from the Swain County Sheriff's Department, were attempting to serve an arrest warrant on an individual named Archie Stanberry. The deputies believed, based on information they had received during their attempt to locate Mr. Stanberry, that he might be at the residence of Bernie and Saundra Kirkland. The deputies drove to the Kirkland's residence, a mobile home with several "outbuildings" on the property. The deputies parked their vehicles so that they could see both the front and back doors of the trailer. As the deputies got out of their vehicles to approach the trailer, they saw a "slender built male subject"  later identified as defendant  run out of the back of the trailer towards some nearby woods. Deputy Freeman ordered defendant to stop and asked to "see [his] hands." Defendant complied, and Deputy Freeman approached defendant, asking him if he had any weapons. Defendant told Deputy Freeman that he had a pistol, and Deputy Freeman patted him down, finding a loaded gold colored .22 caliber revolver and some .22 caliber shells in defendant's right pants pocket. Deputy Freeman arrested defendant, placed him in the back of the patrol car, and secured the firearm and bullets in the trunk. Deputy Freeman then transported defendant to the sheriff's office and gave the weapon and shells to Detective Southards, the evidence clerk.
Defendant was charged with possession of a firearm by a felon and having attained habitual felon status. Prior to trial on the firearm possession charge, defendant pled guilty to being a habitual felon. The jury convicted defendant of possession of a firearm by a felon, and the trial court consolidated the charges into one judgment and sentenced defendant to 58 to 79 months imprisonment as a habitual felon. Defendant timely appealed to this Court.

I
Defendant first contends that the trial court erred by allowing Deputy Freeman to testify at trial regarding defendant's status as a felon. First, during direct examination, when the prosecutor asked Deputy Freeman whether defendant said anything to him after he found the pistol in defendant's pocket, Deputy Freeman responded:
He said  at that time we transported him down  I transported him down to my vehicle. During that time  somewhere along that time he said he was a felon, that this would send him to prison.
Later, the prosecutor asked Deputy Freeman what he did after taking the gun from defendant and placing it in his patrol car. Deputy Freeman stated:
At that time I was concerned with Mr. Autry being a felon; therefore, he was in violation, so I took him into my custody and transported the weapon as well as him to the sheriff's office.
Because defendant failed to object to the admission of this testimony, his argument is limited to plain error review. State v. Jones, 358 N.C. 330, 346, 595 S.E.2d 124, 135, cert. denied, 543 U.S. 1023, 160 L. Ed. 2d 500 (2004). Under plain error analysis, defendant bears the burden of demonstrating that "the error was so fundamental that, absent the error, the jury probably would have reached a different result." State v. Jones, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).
In support of his argument, defendant relies exclusively on State v. McClain, 240 N.C. 171, 173, 81 S.E.2d 364, 365 (1954), where the Supreme Court held that "in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense." The principle set out in McClain is "now codified in Rule 404(b) of the North Carolina Rules of Evidence," State v. DeLeonardo, 315 N.C. 762, 769, 340 S.E.2d 350, 355 (1986), which provides in pertinent part:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident. . . .
N.C. R. Evid. 404(b).
The State does not argue on appeal that Deputy Freeman's testimony that defendant told him he was a felon and that he was "concerned" about defendant's being a felon was properly admitted under any of the exceptions listed in Rule 404(b). Even assuming, however, that the trial court erred in allowing this testimony under Rule 404(b), defendant has failed to demonstrate plain error. At trial, Deputy Freeman testified, without objection from defendant, that when he initially stopped defendant on 29 December 2008, defendant told him that he had a gun. Deputy Freeman searched defendant and found a gold colored .22 caliber revolver in his right pants pocket. The State also presented a certified copy of a judgment indicating that defendant had previously pled guilty to a felony in 2007. Given the straightforward elements of the crime of possession of a firearm by a felon, see State v. Wood, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686 ("[T]he State need only prove two elements to establish the crime of possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm."), disc. review denied, 361 N.C. 703, 655 S.E.2d 402 (2007); N.C. Gen. Stat. § 14-415.1(a) (2009), and the overwhelming evidence of defendant's guilt, defendant has failed to establish plain error. See State v. Delsanto, 172 N.C. App. 42, 53, 615 S.E.2d 870, 877 (2005) (concluding that trial court's error in improperly admitting evidence under N.C. R. Evid. 404(b) did not constitute plain error where there was "no indication that the error had any impact on the jury's finding of guilt").

II
Defendant next contends that the trial court erred in allowing the State to present, over defendant's objection, a certified copy of a prior judgment indicating that defendant had previously pled guilty to a felony in 2007 because the judgment also included a prior misdemeanor charge for communicating threats that was not the basis of defendant's current firearm possession indictment. Defendant argues that it was prejudicial error not to redact the judgment to omit the prior misdemeanor charge.
The record on appeal indicates that defendant waived appellate review of this contention. Although defendant objected to the prior judgment being admitted without redacting the misdemeanor charge, the jury had already heard testimony from the clerk of superior court about the misdemeanor. On direct-examination, the prosecutor asked the clerk about the contents of the prior judgment and the clerk responded, without objection from defendant: "[Defendant] pled guilty to possession of a firearm by a felon and communicating threats." As substantially similar evidence regarding defendant's misdemeanor charge was previously admitted without objection from defendant, defendant has waived the right to raise the issue on appeal. See State v. Nobles, 350 N.C. 483, 501, 515 S.E.2d 885, 896 (1999) ("`It is well established that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character.'" (quoting State v. Campbell, 296 N.C. 394, 399, 250 S.E.2d 228, 231 (1979))).
In any event, although the trial court overruled defendant's objection and admitted the unredacted judgment, the court instructed the jury during trial that "[a]nything extraneous over and above for the felony, members of the jury, you won't consider it." It is well established that "[t]he law assumes that jurors will follow their instructions and act in a rational fashion." State v. Walker, 319 N.C. 651, 655, 356 S.E.2d 344, 346 (1987). Thus, "[w]hen a court withdraws incompetent evidence and instructs the jury not to consider it, any prejudice is ordinarily cured." Id.; accord State v. Goldman, 97 N.C. App. 589, 595, 389 S.E.2d 281, 285 ("Where the evidence is . . . determined to be incompetent, an appropriate instruction must be given by the court to the jury[;] [t]his instruction has the effect of withdrawing the evidence from jury consideration and any error in its admission is therefore cured."), disc. review denied, 327 N.C. 434, 395 S.E.2d 691 (1990).
In addition, during jury instructions, the trial court instructed the jury that it could consider defendant's 2007 felony plea only for the purpose of whether "the State has met its burden on one of the elements that it must prove in order to satisfy you of the defendant's guilt beyond a reasonable doubt as to the charge he's facing here." When the jury asked to see the exhibits, the trial court reinforced its previous instruction that the jury disregard the misdemeanor charge in the judgment, stating:
[W]ith regard to the conviction in Jackson County, you will not consider any matters other than the fact that the defendant was convicted, if he was, of possession of a firearm by a felon in Jackson County in May of 2007. Do not consider any other charge or wording on that judgment for any other purpose.
Defendant does not argue on appeal  and we find no indication from the record  that the jury disregarded the trial court's instructions. Thus, any error in the admission of defendant's 2007 misdemeanor charge was cured by the trial court's repeatedly instructing the jury not to consider it. Defendant's argument is overruled.

III
Defendant next argues that the State failed to establish the proper chain of custody for the admission of the .22 caliber pistol and bullets allegedly taken from defendant on 29 December 2008. Thus, defendant contends, the trial court committed reversible error by denying his request to voir dire Detective Southards, the Swain County Sheriff's Department's evidence clerk, regarding the chain of custody of the evidence.
"Before real evidence may be received into evidence, the party offering the evidence must first satisfy a two-pronged test[:] `The item offered must be identified as being the same object involved in the incident and it must be shown that the object has undergone no material change.'" State v. Fleming, 350 N.C. 109, 131, 512 S.E.2d 720, 736 (quoting State v. Campbell, 311 N.C. 386, 388, 317 S.E.2d 391, 392 (1984)), cert. denied, 528 U.S. 941, 145 L. Ed. 2d 274 (1999). The trial court has the discretion in each case to determine "the standard of certainty that is required to show that an object offered is the same as the object involved in the incident and is in an unchanged condition." Campbell, 311 N.C. at 388-89, 317 S.E.2d at 392. "A detailed chain of custody need be established only when the evidence offered is not readily identifiable or is susceptible to alteration and there is reason to believe that it may have been altered." Id. at 389, 317 S.E.2d at 392. Any "weak links" in the chain of custody relate only to the weight to be given to the evidence and not to its admissibility. Id.
With respect to the gun, Deputy Freeman identified at trial the gold colored .22 caliber pistol sought to be admitted as the same gun that he took from defendant on 29 December 2008 and gave to Detective Southards. The prosecutor then asked Deputy Freeman, "How do you know that's the firearm that you pulled out of [defendant's] pocket?" Deputy Freeman responded: "The serial number is ground off right here. It's a gold color pistol. It's not very normal that I've seen, so it stands out in my mind." Deputy Freeman further testified that after he took the gun from defendant's pocket, he unloaded the bullets and placed the gun and the bullets in an evidence bag that he then secured in his vehicle. When he got to the sheriff's office, he gave the gun and the bullets to Detective Southards.
Detective Southards also testified at trial regarding the chain of custody. When the prosecutor showed him the gun, Detective Southards identified it as the one that Deputy Freeman had given to him at the sheriff's office for storage. He also identified the bullets as "c[oming] out of this gun." Detective Southards, as the evidence clerk, testified that both the gun and bullets appeared to be in substantially the same condition as when he received them from Deputy Freeman and that he had maintained custody of both items since that time.
The deputies' testimony provides sufficient evidence that the gun and bullets were the same items recovered from defendant on 29 December 2008 and that they were in substantially the same condition at trial as they were on the day they were seized. As Deputy Freeman noted with respect to the gun, its serial number being ground off and its unusual gold color are distinguishing characteristics making it easier for the deputies to identify the weapon as the one Deputy Freeman pulled out of defendant's pocket. See State v. Hill, 139 N.C. App. 471, 480, 534 S.E.2d 606, 613 (2000) ("`If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition.'" (quoting McCormick's Handbook of the Law of Evidence § 212 (E.W. Cleary ed., 2d ed. 1972))).
Defendant nonetheless argues that Detective Southards' testimony that he did "not maintain a log of evidentiary items that come into his possession and control at the Sheriff's office" undermined "the State's ability to show a consistent chain of custody." Contrary to defendant's argument, Detective Southards testified that he did, in fact, maintain an evidence log that "shows where and when" the gun and bullets were logged into the evidence locker. He also explained that he was able to locate the gun in the evidence locker to bring it to court by comparing the number on a tag on the gun with the evidence log.
Defendant further argues that the State failed to establish that the gun and bullets "had not been materially altered since the date of the incident in question . . . ." Defendant, however, does not point to any evidence suggesting that the gun and bullets were not in substantially the same condition at trial as they were when seized. See State v. Hyman, 153 N.C. App. 396, 400, 570 S.E.2d 745, 748 (2002) ("Although a defendant may point to gaps or flaws in the chain of custody or procedure, a showing that the evidence was tampered with or altered is generally required for a reversal of the trial court's decision to admit the evidence."), cert. denied, 357 N.C. 253, 583 S.E.2d 41 (2003). Testimony setting out a detailed chain of custody was thus not necessary for the trial court to properly admit the gun and bullets in this case. See State v. King, 311 N.C. 603, 618, 320 S.E.2d 1, 10-11 (1984) (holding weapons, projectile, and casings were properly admitted where the State established a chain of custody and established that there were no material changes in the items' conditions). Once the gun and bullets were properly admitted, "any remaining doubts surrounding their chain of custody were to be resolved by the jury." State v. Brown, 176 N.C. App. 72, 81, 626 S.E.2d 307, 314, disc. review denied, 360 N.C. 538, 634 S.E.2d 221 (2006).

IV
Defendant next argues that the trial court committed plain error by instructing the jury that it could consider evidence of flight in determining defendant's guilt, claiming that the evidence at trial did not support the instruction. "Evidence of a defendant's flight following the commission of a crime may properly be considered by a jury as evidence of guilt or consciousness of guilt." State v. King, 343 N.C. 29, 38, 468 S.E.2d 232, 238 (1996). "A trial court may properly instruct on flight where there is `some evidence in the record reasonably supporting the theory that the defendant fled after the commission of the crime charged.'" State v. Lloyd, 354 N.C. 76, 119, 552 S.E.2d 596, 625 (2001) (quoting State v. Allen, 346 N.C. 731, 741, 488 S.E.2d 188, 193 (1997)). Evidence that the defendant merely left the scene of the crime, however, "is not enough to support an instruction on flight." State v. Thompson, 328 N.C. 477, 490, 402 S.E.2d 386, 392 (1991). There must be some evidence indicating that the defendant took steps to avoid apprehension. Id.
Here, the evidence tended to show that as the deputies approached the Kirkland's residence, defendant ran out of the back of the trailer. Both Detective Southards and Deputy Freeman saw defendant running or walking at a "fast tempo pace" out of the trailer and toward a wooded area away from the deputies. When the deputies stopped defendant, they found a pistol tucked in his pants pocket covered by his coat. This evidence is sufficient to support an instruction on flight. See State v. Abraham, 338 N.C. 315, 362, 451 S.E.2d 131, 156-57 (1994) (holding evidence warranted flight instruction where evidence tended to show that defendants were seen walking away from murder scene, defendants walked away from police when they approached, and one defendant was later found hiding in closet); State v. Ballard, 193 N.C. App. 551, 560, 668 S.E.2d 78, 83 (2008) (finding sufficient evidence to support flight instruction where defendant wrapped murder weapon in jacket, hid it in car, and was attempting to drive away when stopped by police). The trial court, therefore, did not err, much less commit plain error, in instructing the jury on flight.

V
In his final contention on appeal, defendant argues that the trial court erred at sentencing by not finding certain mitigating factors. Defendant specifically argues that he presented uncontradicted and substantial evidence that he has a "support system in the community" and is "gainfully employed." N.C. Gen. Stat. § 15A-1340.16(e)(18) and (19) (2009). Defendant maintains that the trial court's failure to find these statutory mitigating factors entitles him to a new sentencing hearing.
Contrary to defendant's argument, the trial court is required to "make findings of the aggravating and mitigating factors present in the offense only if, in its discretion, it departs from the presumptive range of sentences . . . ." N.C. Gen. Stat. § 15A-1340.16(c). Where, as here, the trial court specifies that it is sentencing the defendant in the "presumptive range," the court does not err by "declining to formally find or act on defendant's proposed mitigating factors, regardless whether evidence of their existence was uncontradicted and manifestly credible." State v. Dorton, 182 N.C. App. 34, 43, 641 S.E.2d 357, 363, disc. review denied, 361 N.C. 571, 651 S.E.2d 225 (2007); see also State v. Hagans, 177 N.C. App. 17, 31, 628 S.E.2d 776, 786 (2006) ("Defendant's notion that the court is obligated to formally find or act on proposed mitigating factors when a presumptive sentence is entered has been repeatedly rejected."); State v. Chavis, 141 N.C. App. 553, 568, 540 S.E.2d 404, 415 (2000) ("Defendant finally contends the trial court abused its discretion in failing to impose a sentence less than the presumptive range, on the grounds of undisputed evidence in mitigation. We disagree. This Court has held the trial court is required to take `into account factors in aggravation and mitigation only when deviating from the presumptive range in sentencing.' As the trial court imposed the presumptive sentence in this case, it was not required to take into account any evidence offered in mitigation." (quoting State v. Caldwell, 125 N.C. App. 161, 162, 479 S.E.2d 282, 283 (1997))). Defendant's argument is overruled.
No Error.
Judges GEER and STEPHENS concur.
Report per Rule 30(e).